# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00068-CV

---

**Fort Apache Energy, Inc., Appellant**

**v.**

**Trivista Oil Company LLC and Trivista Operating LLC, Appellees**

---

**FROM THE 423RD DISTRICT COURT OF BASTROP COUNTY**
**NO. 423-9718, THE HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

On January 31, 2025, appellant Fort Apache Energy, Inc. (FAE) filed a notice of appeal from the trial court's denial of its motion to modify the trial court's judgment, which was signed by the trial court on October 3, 2024. On February 3, 2025, FAE also filed a motion to extend the time for it to file its notice of appeal. *See* Tex. R. App. P. 26.3 (authorizing appellate court to extend deadline to file notice of appeal by 15 days).

Appellees have filed a response to FAE's motion to extend time to file its notice of appeal and a motion to dismiss for lack of jurisdiction because FAE's notice of appeal was not timely. Although FAE timely filed a motion to modify the trial court's judgment, *see* Tex. R. Civ. P. 329b(a), this motion only operated to extend the deadline to file a notice of appeal to "within 90 days after" October 3, 2024—"the date the judgment was signed"—which was January 2, 2025. *See* Tex. R. App. P. 26.1(a); *cf.* R. 27.3 (addressing deadlines when appealed

order or judgment is subsequently modified by trial court). And the additional 15-day extension period for filing its notice of appeal ended on January 17, 2025. Thus, FAE notice of appeal, which was filed on January 31, 2025, was untimely.

FAE contends that its deadline to file its notice of appeal was 30 days from the date its motion to modify the judgment was overruled by operation of law, which was January 16, 2025, *see* Tex. R. Civ. P. 329b(c) (stating that motion to modify is overruled by law if motion is not determined by written order signed within 75 days after judgment was signed), and that it filed its notice of appeal timely because it was filed within 15 days of January 16, *see* Tex. R. App. P. 26.3. But an order denying a motion to modify is "not independently appealable," and "[a]n appeal must be taken from the final judgment, not the refusal to reconsider that judgment." *Martin v. Estell Acres, LLC,* No. 03-23-00638-CV, 2023 WL 8355329, at *1 (Tex. App.—Austin Dec. 1, 2023, no pet.) (mem. op.) (citing and quoting *Morris v. Wells Fargo, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op.) (per curiam)).

Because FAE did not file its notice of appeal until January 31, 2025, it was untimely, and we lack jurisdiction over this appeal. Accordingly, we deny FAE's motion for extension of time to file its notice of appeal, grant appellees' motion to dismiss, and dismiss this appeal.[1]

---

[1] In this appeal and this Court's cause number 03-24-00682-CV, a related appeal brought by appellees from the trial court's judgment, FAE filed motions to consolidate the two appeals. Because we do not have jurisdiction over this appeal, we dismiss the motions in both appeals as moot. Further, even if we were to consolidate the appeals, FAE's notice of appeal was filed untimely. *See* Tex. R. App. P. 26.1(d) (stating that if party timely files notice of appeal, another party may file notice of appeal "within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later"). Appellees filed their notice of appeal in cause

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Theofanis, and Crump

Dismissed for Want of Jurisdiction

Filed:   February 27, 2025

---

number 03-24-00682-CV on October 18, 2024.  Thus, the later deadline under Rule 26.1(d) would have been January 2, 2025, with the possible extension until January 17.  *See id.*